# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-61
LT Case No. 16-2017-CF-006971-AXXX-MA

_____

MATTHEW SYVERSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Jessica J. Yeary, Public Defender, and Megan Long, Assistant
Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Kristie Regan,
Assistant Attorney General, Tallahassee, for Appellee.

October 27, 2023

EDWARDS, C.J.

    For crimes committed while he was already on probation, Matthew Syverson entered guilty pleas to second-degree murder with a weapon, armed robbery, armed burglary with assault or battery, first-degree arson, and tampering with evidence. On January 31, 2022, the trial court entered a judgment of guilty and sentenced him to life in prison on each count of murder, armed

robbery, and armed burglary, and five years in prison, concurrent, on each count of arson and tampering with evidence.[1] Syverson was represented by counsel during the plea and sentencing.

One week later, on February 7, 2022, Syverson filed a pro se notice of appeal. Ten days after filing his notice of appeal, February 17, 2022, he filed a pro se motion to withdraw his guilty plea. On March 15, 2022, the trial court entered an order summarily denying Syverson's motion to withdraw his plea. On April 5, 2022, Syverson's counsel filed an amended notice of appeal noting that it was an appeal of the January 31, 2022 judgment and sentence; no other order was mentioned in the notice of appeal.

Because Syverson pled guilty without an express reservation of the right to appeal a legally dispositive issue, he has no right to a direct appeal. *See* § 924.06(3), Fla. Stat. (2022). Accordingly, we affirm the underlying judgment and sentence. *See Schaefer v. State*, 343 So. 3d 1216, 1217 (Fla. 5th DCA 2022) (citing *Leonard v. State*, 760 So. 2d 114, 119 (Fla. 2000)).

In his brief, filed by counsel, Syverson argues that the trial court erred in denying his motion to withdraw plea without holding an evidentiary hearing. Indeed, the only arguments advanced on appeal by Syverson concern the order denying his motion to withdraw his plea. The State's brief argues in support of the trial court's order denying the motion to withdraw plea. However, both sides overlooked the fact that the trial court lacked jurisdiction to rule on the motion to withdraw plea which was filed after the notice of appeal had been filed.[2] "When a defendant files a [pro se] notice of appeal following the entry of a final judgment

---

[1] The same day, the trial court revoked his probation in a different case and sentenced him to fifteen years in prison on the charges for which he was on probation. That case is not before this Court.

[2] The sequence of filings in this case does not constitute a premature appeal which should be held in abeyance. *See* Fla. R. App. P. 9.020(h)(2)(C) (concerning cases in which the motion to withdraw plea is filed before the notice of appeal).

and sentence, whether ultimately determined to be effectual or not, the trial court is divested of jurisdiction [to consider the motion to withdraw plea]." *Carroll v. State*, 266 So. 3d 1270, 1272 (Fla. 5th DCA 2019). Both the motion to withdraw plea and the order denying the motion are nullities and should be stricken. *See Payet v. State*, 357 So. 3d 172, 173 (Fla. 5th DCA 2022). We decline to consider Syverson's arguments directed to the denial of his motion to withdraw plea.

Accordingly, we affirm the judgment and sentences, dismiss the appeal as to the order denying motion to withdraw plea, and remand for entry of an order striking the motion to withdraw plea and the order denying that motion. As this Court has previously advised other defendants in this situation, Syverson may still file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, if he can do so in good faith.[3]

AFFIRMED and REMANDED.

JAY and MACIVER, JJ., concur.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

---

[3] *Payet*, 357 So. 3d at 173; *Schaefer*, 342 So. 3d at 1218; *Carroll*, 266 So. 3d at 1272.